Thank you. This is case number four, 19 zero seven eight three in Ray J.P.H. a minor correctional health companies versus the state of Janet Louise Han. For a council for the appellate. Would you please state your name for the record? Judah. I'm Rodwood for the record. Thank you. And counsel for the appellate, please state your name for the record. Craig. Thank you, counsel. And then at this time, um, Ms. Redwood, you may proceed with your argument. Thank you, your honor. May it please the court and counsel. Our profession is a self-regulating profession. I graduated from the university of Illinois and was fortunate enough to take several classes with professor Rotunda, who stressed this to us in his classes. Yeah, because we're a self-regulating profession, the responsibility to report each other, if we violate our ethical duties, that's why I'm here. Um, well, 3.3 is a duty of candor to the court. It's my profession. It seems to me that the appellee has made it not that important saying basically, um, what does it really matter? They won what they were there to get these records, but that isn't the point here, the point is that in obtaining these records, well, it wasn't needed to violate rule one 37, it turns out. Uh, at the time, evidently Mr. decided it was needed to do so. And it's an attempt to mislead the court. Rule one 37 has two components, an objective component that the pleading is not well-grounded in fact, or is not warranted by existing law or griffith argument for the extension or modification of existing law. And a subjective component interposed for an improper purpose, such as to harass, um, cause unnecessary delay or needless increase in the cost of litigation. In my brief, I argued the objective and as I'm going through it, I feel that the court, this court could also find that the subjective yeah, Mr. Edward, we seem to have lost over one 37 was violated. We lost you for a few seconds there. Would you continue possibly where you were just 30 seconds ago? Yes, this court may may find from the record that Mr. Freeling violated the subjective component of rule one 37, as well as the objective opponent, because it was interposed for improper purpose. That is to mislead the court. Um, Mr. Redwood, increase the cost of litigation. Ms. Redwood, I have a question for you. You're talking about what this court could find. Of course, we're reviewing the trial court's decision. What is our standard of review here? Abuse of discretion. And so how did the trial court abuse its discretion in reaching its decision and denying the motion for sanctions? Because it's objectively unreasonable for Mr. Freeling at the time that he wrote the petition prior to the court ruling on it. It was unreasonable for him or for anybody to believe that he needed to do that to violate rule one 37. And it's the unreasonableness that allows this court to find an abuse of discretion. In fact, this court found an abuse of discretion. In 1991, Henry, the marriage of Irvine, in that case, the respondent made misrepresentations of fact, which he should have known from the record. And he obviously did know from the record were untrue at the point that he made them. He made the claim that the petitioner owed him $5,500 and that that had not been satisfied when indeed it had been satisfied, which was proved by the record. Yet the trial court denied the petitioner's motion for sanctions. And this court said that the court abused its discretion. That's exactly what. Yeah. In here, Mr. Edward, we lost you again for another 30 seconds there. For whatever reason, would you go back? I'm afraid we didn't hear your last remarks, which might've been in response to justice Porter-White's questions. Okay. And, uh, and sir, I'm not hearing you very well either. It may be the weather. It's pretty rainy and cloudy here in St. Joe and internet is sometimes faulty in this area. So, um, I was referencing the case of Henry, the marriage of Irvine, a fourth district case, two 15, Illinois pellet, third, six 29, which I did cite in my brief and the court there denied the petitioner's motion for sanctions, but the appellate court justice Lund said that the trial court abused its discretion in denying the rule on 37 sanctions as no reasonable inquiry was made by the respondent as to the validity of his claim for $5,500. Now, in this case, Mr. Freeling looked at the law. It's obvious from his petition because he didn't just cut and paste his argument. There's a citation to authority from his 2011 brief. He looked at the law. He went on to the, um, article five of the act that decided that was, wasn't cited in the 2011 brief and he cited other portions of the statute, but using ellipses to leave out the words that would make, uh, his citation to authority there wrong, so he, he made no reasonable inquiry into the law before representing to the trial court by his signature, that the petition was properly grounded. In the law. And that's how the abuse of discretion can be found because the court just united and, uh, basically the court said, we're denying the motion for sanctions, that was a one line order. Um, and commented that he wanted the relief that he, um, was seeking in the petition, but winning the relief that he was seeking in the petition really is besides the point here. The point is Redwood. Let me, let me ask a question of you, please. Um, the, uh, Appley in this case already had the, uh, juvenile court records that were at issue in the March, 2019 petition, did it not? I'm sorry. Do you have those records? Could you hear me? There's Redwood. Look, I'll say it again. First. Can you hear me? Uh, I'm not getting a response from you. Hey, I didn't hear the first part of the question. Okay. Well, then I'll repeat it. Um, pardon? Okay. I'll repeat my question. Uh, the petitioner, when the petitioner filed this petition in March, 2019, permitting use of the juvenile court records, already have those records that are not from the court order, uh, back in 2011? That's correct. Uh, to use those records, did it need, did the, uh, respondant need to seek court permission at all? I don't have a view on that, your honor. Um, that's not a part of the law. I, I looked up, it would seem that he, the petitioner felt that they needed that. And my argument is that whether he needed it or not, he miscited the law to the court in seeking it. He didn't have to miscite the law. As it turns out, he didn't have to miscite the law, but we have to look at a rule. One. We lost you again. Hello? Violation, not from hindsight, but at the time the person made. Well, wouldn't it be appropriate for the trial court, the exercise of its occurred, uh, in which, uh, the appellee did not obtain something it otherwise would not be able to get by inappropriate conduct and at most, uh, misrepresented, mischaracterized, misstated what a statute was or what a case said, uh, in explaining to the trial court, why it was making the action, why it was seeking the trial court to take action with it. I think that the trial court had the discretion to make a ruling, um, on the substance of whether the records could be used in the subsequent case. I think the court abused its discretion in ignoring the fact that the attorney in violation of rule of professional conduct 3.3, um, exhibited less than candor to the court. In, in, in, in other words, he supported his argument by misciting, um, the statute that he was coming under. Ms. Redwood, let me ask it this way. Being on this court now for a long time, I've had occasion to read an awful lot of briefs and listen to an awful lot of arguments, and I think it would be a dangerous step for this court or any other court to take if we deemed any mischaracterization or oversight or misstatement of what a statute says or what a case says as being sanctionable conduct and apparently automatically sanctionable conduct pursuant to your argument and, uh, under rule 3.75 for us and 1.37 for a trial court. What about that? Respectfully, your honor, I disagree. Rule 1.37 was enacted to keep us attorneys in line when we make representations to the court and that goes right with our self-regulating, the fact that we're a self-regulating profession. The rule should not be violated. And if it is violated, then sanctions are, are, um, available. They're not mandatory as they were back when the rule was to 611, but they are, uh, available. And as the, uh, Seventh Circuit has repeatedly said, sanctions should be It's not only compensates the other party who had to do extra work, but it also punishes the party who decided to make a false representation to the court. And that's exactly what this is. It's a false representation to the court. Ms. Redwood, I'd like to ask a question or two. You started out your presentation, talking about the steps that were necessary to find that there was a violation, objective, subjective. And you talked about misleading the court. It seems to me in both parties, um, cited to Stefanski, that case, it seems to me there needs to be some level of bad faith argued shown. Can you point to us where the bad faith was in this case, where we can find that? I'm hoping she can hear me. Okay. Ms. Redwood, we able to hear Justice Kavanaugh? Ms. Redwood, we able to hear Justice Kavanaugh? Okay. We still can't hear you. Can you answer my question? Did you hear it? Did not hear Justice Kavanaugh's. I can hear your question, Judge Steigman. I did not hear Judge Kavanaugh's question. I apologize for that. I don't know why we're having difficulty. This is the first time we've had this level of difficulty. So, uh, with that, please, Justice Kavanaugh, would you repeat it? So, Ms. Redwood might give the opportunity to respond. Sure. You started out your presentation. I'm going to condense this. You started your presentation speaking about the need for an attempt to mislead the court. So I'm asking you, uh, Stefanski and other cases seem to indicate there needs to be a level of bad faith. What instances of bad faith can you point to? You seem to be arguing sort of a strict liability sort of, uh, concept. For the subjective, uh, there's some kind of bad faith, but for the objective prong, there isn't even any bad faith required, even if a person in all honesty, misquotes or miscites a statute that doesn't matter. Um, so that's why I argued under the objective standard because, uh, in, in the response and in the court, uh, the Mr. Freeling's attorney said, well, he didn't do this on purpose. Maybe it was a mistake, but they admitted it was a mistake, um, a mistake in misquoting the statute. Uh, as I pointed out, Ms. Redwood, we've lost you again for about the last 30 seconds or so. So if you can go back to where you were in response to judge justice capital under WKS Crystal Lake LLC. Yes. Thank you. And WKS Crystal Lake LLC versus you, the court stated when a party fails to accurately quote the entire statutory provision, at least one conclusion that the party is attempting to mislead the court. That court said this behavior will not be tolerated. I'm asking this court to tell the attorneys here in the fourth district that the, uh, that you won't be tolerated misquoting a statute. That's what he did. It sounds like part of your analysis in that case, in reading that case, the court took in the totality of the circumstances and made a determination that there was not bad faith in WKS. Correct. Uh, there he, the appellate court found the error, but I believe that the trial court didn't even note that there was an error, um, in quoting the statute. No bad faith is needed. However, under the objective prong of rule one 37, when an attorney signs the paper, Okay. Not well grounded in fact, or is not warranted by existing law. Yeah. Yeah. You're going in and out again, Ms. Redwood, I'm sorry to have to say, so if there was something additional you wanted to add there, we might've lost it at the end or the last 30 seconds. Uh, no, there isn't. Thank you. Okay. Do you have anything further in your initial argument there? Um, I did want to point out, I did want to point out that in the response, the, um, uh, appellee accused me of violating the rules, uh, by citing to, um, by reply brief, I devoted several pages to refuting that I didn't cite North shore sign North shore sign was contained within a quotation from, uh, the toll land case. Um, and directly after that citation, I quoted, um, Lake environmental, which the, um, appellee accused me of not even reading or jeopardizing North shore sign to find. So, so I believe that those, uh, accusations you can me, I adequately addressed in my reply brief. Thank you. Anything further? Nothing further. Thank you very much. Okay. You'll have an opportunity to address this again during rebuttal. If you wish, Mr. Unrath, uh, you may proceed on behalf of the police, sir. Thank you, your honor. Uh, my name is Craig Unrath. They represent correctional health care companies. Uh, as justice Holder white noted, uh, this case is governed by the abuse of discretion standard, uh, a court abuses its discretion when no reasonable person would, uh, agree with its decision. Uh, the question is not whether this court agrees with the trial court, but whether the circuit court acted arbitrarily without employing conscientious judgment. Attorney Freeling misquoted the relevant statute. The error was brought to the trial court's attention. It was fully litigated at a hearing. The judge was apprised of the amendments to the statute and granted the petition. Plaintiff does not appeal that ruling. Now it's important to note that attorney Freeling never relied on his, uh, rendition of the statute. Indeed, as I pointed out in my brief, he probably would have been better off not even citing the statute at all. Uh, he was merely asking for that. He be allowed to use documents that he was lawfully in possession of that had been used in the same case in federal court that had migrated to the state court. I find nothing in the trial court's order denying the motion for sanctions, suggesting that the ruling was arbitrary, nor can it be characterized as having exceeded the bounds of reason, nor did it result in any prejudice on this basis, uh, based on the high standard of review in this case, uh, I see no reason why the court should reverse that order. Now, opposing counsel claims that, uh, she did not cite the, uh, North shore sign case, I'd like to just briefly read from her brief, just briefly, she states when a trial judge basis, his decision solely on the same cold record, there's before the court of review, it is difficult to see why any deference should be accorded afforded to that decision. And then she goes on to say the predicate to such deference is that the court make explicit factual findings. Now that decision derives from the North shore sign company case, which the reverse the court and Supreme court has held that in denying a motion for sanctions, the trial court is not required to make explicit factual findings. Opposing counsel here has directly, uh, argued against the abuse of discretion standards saying that this court should accord no deference to that decision. Now, and she does so relying on case law that the Illinois Supreme court has explicitly ruled is not good law. She compounded that error by not mentioning the North shore case in her points and authorities. That is a flagrant violation of Supreme court rule three 41. Now, should I file a motion for sanctions? Of course not. I wouldn't even consider it. The reason is simple. She made a mistake. This is not a reason for sanctions. This is a reason to acknowledge the mistake, realize that no harm has been done and move on to more important things. I think that this case, uh, has no basis at all in the, in the law. Uh, uh, but, but, but for me to suggest that, that any party should file, should expect that sanctioned be awarded under the certain senses of this. Is entirely unreasonable. And I believe that it diminishes the profession of law to suggest that it does. Um, that's really all I have. I urge the court to affirm the trial court's order. Thank you. Hey, thank you, Mr. Ms. Redwood. Any rebuttal, ma'am? Uh, yes, your honor. I actually, I lost the connection during Mr. Unread's argument, but I under, and I didn't hear a lot of it, but I understand that he was going toward the pages where he criticized me for the citation to North shore sign, and I will simply refer the court to my explanation of that. Those are two strong men arguments that he made. Well, you may have missed it, but what Mr. Unread said was you made a mistake and you shouldn't be sanctioned for it, which was interesting in this context. I understand that he said that, um, and I didn't make a mistake. And I explained that in my reply brief, but I didn't make a mistake that my citation to North shore sign is not my citation, but it was within the toll end. But isn't there an obligation for you to find out what the Supreme court's last word was on this? Could you hear me? Yes. Absolutely. We're able to hear me, Ms. Redwood, please. We've lost you again. Ms. Redwood, we've lost you. So if you had something you wanted to respond, please go back and do it again because we didn't hear it. Yeah. So I can hear you. Absolutely. And that's why. Go ahead. Thank you. Yes. Uh, me. Clearly after what Mr. Unread was complaining about, I did cite Lake environmental and quoted from Lake environmental stating that there's no, uh, that the under rule one 37, the court does not have to explain, um, or write any kind of an opinion when they deny a motion for sanctions. So I didn't do what he accused me of doing those with straw man arguments. And I believe that I adequately explained how those were straw men arguments in my reply brief. I won't go over that again. I will say judge that there is authority, uh, in regards to marriage of Irvine. Uh, the free merit case that I cited, the Stefanski case that I cited, all of those where the trial court denied the sanctions and the appellate court found that that was an abuse of discretion and reverse the denial of sanctions. So it, it is possible. It's not a small thing. It is a big thing. And the court shouldn't allow attorneys to play fast and loose with the legal system. As Mr. Freeling did in this case. Thank you. Hey, thank you. Counsel. The court will take this matter under advisement. The court will now stand in recess.